```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - :
VINAY K. GUPTA,                         :  07 Civ. 2805 (JCF)
                                        :
                Plaintiff,              :  MEMORANDUM
                                        :  AND ORDER
                                        :
      - against -                       :
                                        :
MICHAEL J. ASTRUE, Commissioner of      :
Social Security,                        :
                                        :
                Defendant.              :
                                        :
- - - - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiff, Vinay K. Gupta, brings this action pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of a determination of the Commissioner of Social Security (the "Commissioner"). Mr. Gupta challenges a decision of the Commissioner precluding him from receiving old age insurance benefits (or "retirement benefits") prior to October 2001, based on his April 2002 application date. The parties agreed that I would exercise jurisdiction over the case for all purposes pursuant to 28 U.S.C. § 636(c). The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, The motion is granted.

Background and Procedural History

Mr. Gupta was born in December 1932 in New Delhi, India. (R. at 27, 34, 105).[1] He has been a New York resident since 1988 and

---

[1] "R." refers to the administrative record filed with the Commissioner's Answer.

became a naturalized citizen on May 1, 1990. (R. at 20, 21). He holds a degree in accounting. (R. at 20). In April 2002, at age sixty-nine, and while still a full-time employee of the New York State Public Service Commission, Mr. Gupta filed an application for retirement benefits. (R. at 9, 35, 49, 68, 108-09). On or about June 11, 2002, the Social Security Administration (the "SSA") notified Mr. Gupta that he was entitled to receive ongoing retirement benefits. (R. at 68). The benefits would commence as of October 2001, which was six months prior to the month in which his application was filed. (R. at 68). On July 31, 2002, Mr. Gupta requested reconsideration of the date when his benefits would begin, stating that he had been thwarted in filing for benefits earlier than April 2002. (R. at 68). On December 22, 2004, the SSA affirmed its initial decision. (R. at 64-74). The agency found no evidence that Mr. Gupta had completed a prior application or that he was prevented from filing one earlier. (R. at 71).

On March 7, 2005, Mr. Gupta requested a hearing before an Administrative Law Judge ("ALJ"), stating again that he believed he should have been eligible for benefits earlier then October 2001. (R. at 9, 75). On his form requesting a hearing, he also sought review of an SSA decision in 2005 that denied him benefits due to a previous overpayment. (R. at 75). On May 4, 2006, a hearing was held. (R. at 9, 100). At the hearing, the ALJ stated that he was unable to consider the overpayment issue because Mr. Gupta would first have to request reconsideration by the agency. (R. at 107, 126). With respect to his benefits commencement date claim, Mr.

Gupta testified that he assumed that he would be paid as of December 1994, when he became sixty-two years old. (R. at 111-12). He believed that he did not have to file an application for benefits when he became eligible, but would receive payments automatically. (R. at 112-13, 120). He further said that he believed his benefits were like "money sitting in the bank." (R. at 112). Mr. Gupta also claimed to have made prior attempts to apply for benefits online and to have been told by Social Security personnel that he had to come to an SSA office to file in person. (R. at 107-08).

On May 26, 2006, the ALJ upheld the determination regarding Mr. Gupta's benefits commencement date. (R. at 6-11). The ALJ determined that the Social Security Act provides that an individual is not entitled to retirement benefits earlier than six months before the date of filing. (R. at 10). Furthermore, the ALJ found that Mr. Gupta was not thwarted in his attempt to file. (R. at 10). The ALJ noted the availability since the late 1980s of a toll-free telephone number for applications, as well as the possibility of filing an application electronically. (R. at 10).

On February 6, 2007, the Appeals Council denied Mr. Gupta's request for review (R. at 2-5), and the ALJ's decision became the determination of the Commissioner. Mr. Gupta then filed this action.

Discussion

The scope of review of a determination of retirement benefits involves two levels of inquiry. First, the court reviews the

Commissioner's decision to determine whether the correct legal standard was applied. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Second, the Court must decide whether the decision was supported by substantial evidence. Tejada, 167 F.3d at 773; Balsamo, 142 F.3d at 79. Substantial evidence in this context is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229 (1938)). "'[T]o determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence[.]'" Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Mongeur v. Heckler, 772 F.2d 1033, 1038 (2d Cir. 1983)).

An individual is entitled to old age insurance benefits if he is (1) fully insured, (2) has attained age sixty-two, and (3) has filed an application for benefits. 42 U.S.C. § 402(a)(1)-(3); 20 C.F.R. §§ 404.310, 404.603; see also Schweiker v. Hansen, 450 U.S. 785, 790 (1981) (acknowledging statutory requirement that application be filed in order to receive benefits). If a claimant's application for retirement benefits is granted, he may be eligible for retroactive benefits for a period beginning up to six months prior to the month in which the application is filed, provided that all conditions for eligibility were satisfied at that time. 42 U.S.C § 402(j)(1)(B); 20 C.F.R. § 404.621(a)(2).

In finding that Mr. Gupta's benefits could begin no earlier than October 2001, the Commissioner had to determine, first, whether there were any completed applications prior to April 2002, and, second, whether Mr. Gupta should be assigned an earlier filing date based on previous attempts to file. 20 C.F.R. § 404.633. Under Section 404.633, the Commissioner may establish an earlier filing date if a claimant was given misinformation about his application for benefits. 20 C.F.R. § 404.633(a). The Commissioner has established four requirements for a claimant to show he was provided with misinformation: (1) the information was provided by an employee acting in his or her official capacity, (2) the information was incorrect, misleading, or incomplete in a situation when providing additional information was required, (3) the information was provided orally or in writing, and (4) the information was provided in response to a specific request from the claimant about eligibility for benefits. 20 C.F.R. § 404.633(c)(1)-(4). For a claimant to show that he was misinformed, the preferred proof will be written evidence or a record of a telephone, letter, or in-person contact relating to the claimant's inquiry. 20 C.F.R. § 404.633(d)(1)(I)-(ii). Although other evidence will be considered, the Commissioner will not find that a claimant was misinformed "based solely on [the claimant's] statements." 20 C.F.R. § 404.633(d)(2).

The Commissioner's finding that Mr. Gupta's first completed application was in April 2002 was supported by substantial evidence because no prior completed applications were found in the SSA's

records.  (R. at 10, 71).  There was also no evidence of any telephone or mail contact with Mr. Gupta between 1998 and 2002, even though applications could have been filed either by calling a toll-free number or, after 2000, by filing electronically.  (R. at 10, 71).  At his hearing, Mr. Gupta was given an opportunity by the ALJ to explain in further detail how he had previously attempted to file or was thwarted in doing so.  (R. at 107-08).  However, he only provided vague statements about not having access to a computer and being told to come to the Poughkeepsie office, which he said he had not wanted to because it would have required his taking time off from work.  (R. at 108).  Furthermore, Mr. Gupta's presentation at the hearing focused mainly on the inequity he perceived in not being allowed to receive benefits going back to the time he turned sixty-two.  (R. at 111-20).  Neither Mr. Gupta's complaint in this action nor his December 26, 2007 response to the government's brief provides further details or evidence of being prevented from filing an earlier application.  Thus, the Commissioner's determination denying Mr. Gupta's claim for retirement benefits prior to October 2001 was supported by substantial evidence.

Conclusion

For the reasons set forth above, the Commissioner's motion is granted.  The Clerk of Court is respectfully requested to enter judgment in favor of the defendant and close the case.

SO ORDERED.

*(signed)* James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 7, 2008

Copies mailed this date:

Vinay K. Gupta
5413 Imperial Boulevard
Wappingers Falls, New York 12590

John E. Gura, Jr., Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007